## HUFF v PENNSYLVANIA RAILROAD CO

Ohio Appeals, 3rd Dist, Hardin Co

No 244. Decided May 6, 1932

Jean Simpson, Forest, and Roy Warren Roof, Kenton, for plaintiff in error.

Stillings & Johnson, Kenton, and Wheeler, Bentley, Neville, & Cory, Lima, for defendant in error.

JUSTICE, PJ.

Two questions are presented. First, is the order complained of, reviewable, within the scope of §6, **Article 4 of the Constitution?** If so, does the record disclose a clear abuse of discretion on the part of the trial court in making such order?

The first proposition arises upon a motion of the defendant for a dismissal of the petition in error, it being the claim of the defendant that this court has no jurisdiction in the premises.

Since the adoption of the constitution of 1912, the Courts of Appeals have only such jurisdiction as is conferred on them by the constitution. **The Cincinnati Polyclinic v Balch, 92 Oh St, 415.** §6, Article 4, of the **Constitution**, provides:

"The Courts of Appeals shall have · ¡ * appellate jurisdiction ¦ * * to review, affirm, modify, or reverse, the judgments of the Courts of Common Pleas * * *."

The term "judgments" appearing in §6, **Article 4 of the Constitution**, aforesaid, however, comprehends all decrees and final orders which determne the rights of parties affected thereby. **Chandler & Taylor Co. v Southern Pacific Company, 104 Oh St, 183.**

The question therefore naturally arises, What is a final order? **§12258, GC,** defines it as one "affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment."

Is the order in question a final order? If it is, then clearly this court has jurisdiction to review it. But if it is not an order within the purview of the judicial article of the constitution aforesaid, then clearly this court has no jurisdiction in the premises.

In **Conord v Runnels, 23 Oh St 601,** the Supreme Court held:

"An order of court granting * * * a motion to set aside the verdict of a jury and grant a new trial, is not a final * * * order, for the reversal of which a petition in error can be prosecuted before the final disposition of the case."

In **Young v Shallenbarger, 53 Oh St, 291,** Judge Williams, on page 301, says:

"It may be said that sustaining the motion has the effect of preventing a judgment in favor of the successful party at the trial, and affects a substantial right of his by subjecting him to the costs and uncertainties of another trial, and it undoubtedly does temporarily prevent final judgment, but not eventually; * * * but neither the overruling or sustaining of the motion is, within the meaning of the code, such final order as may, itself, be the foundaton of a proceeding in error."

To like import, is the holding in the following cases: **Neuzel v Village of College Hill et, 81 Oh St 571. Horseman v Horseman, 85 Oh St 437.**

It will be observed, however, that all of these cases were decided prior to the adoption of the present constitution. Does that fact, however, in and of itself, make any difference? The Court of Appeals of Hamilton County, in the case of **Iames v Cincinnati Street Railway Company, decided March 23, 1932, reported in Ohio Law Abstract, Volume 10, issue of September 12, 1931, at page 360,** obviously thought that it did not. In that case, the entry granting the motion for a new trial recited that "the verdict of the jury is manifestly against the weight of the evidence," and that court held:

"The sole assignment of error being that the court below abused its discretion in granting a motion for a new trial, there is before the reviewing court nothing upon which error proceedings can be predicated."

In **Continental Bank v The Home Fuel & Supply Company, 99 Oh St, 453,** our Supreme Court held:

"The motion to vacate the judgment rendered in the Common Pleas on a cognovit note upon warrant of attorney and without summons or notice was filed the day following the rendition of the judgment and during the same term. The lower courts, therefore, were right in considering it as a motion for a new trial, filed within the time prescribed by law. The action of the trial court sustaining such motion does not constitute a final order from which a proceeding in error may be prosecuted."

It would seem, from a study of the authorities heretofore mentioned, that we should answer the first proposition in the negative. However, we are constrained, on authority of two decisions of our Supreme Court, both decided since the adoption of the present constitution, to hold otherwise.

In **Bank of Dunkirk v Smith et, 102 Oh St, 120,** Judge Hough, on page 122, said:

"Examination of the authorities discloses the fact that at common law a court of general jurisdiction is endowed with the power to control its own orders and judgments during the term at which they are rendered, and the power to vacate or modify them is in the exercise of a sound discretion; and this is an inherent power, in no way regulated or abridged by statute."

"There appears to be no limitation or restriction to the rule except that the power must be exercised with sound discretion— limited only to cases in which there is an abuse of discretion."

In Chandler Company v Southern Pacific Company, supra, Judge Jones, on page 195, said:

"Under the principle laid down in the Continental and Dunkirk Bank cases, supra, a motion for vacaton filed during the term the default judgment was rendered was held to be equivalent to a motion for a new trial, and the order of the court was not subject to error proceedings unless there was an abuse of discretion in the order vacating the judgment."

In the second branch of the syllabus of this case, the court held:

"An order vacating a default judgment upon motion of the defendant, filed at the same term, but more than three days after its rendition, is not a final determination of the rights of the parties and is not reviewable UNLESS THE COURT ABUSES ITS DISCRETION IN MAKING IT."

In the instant case plaintiff claims, as his sole ground of error, that the trial court

in sustaining the motion for a new trial, in setting aside the verdict and in awarding a new trial, did abuse its legal discretion.

In the Chandler & Company case, supra, Judge Jones, on page 195, said:

"In this case the plaintiff did not predicate error upon any such ground. No such question was made in the trial court on the motion to set aside the judgment of vacation, or in the Court of Appeals in the petition in error. The sole question argued in this court has been the legal one whether or not a final order under the provisions of our present constitution is reviewable by the Court of Appeals. Under that phase of the case, the Court of Appeals might well have held, since the abuse of discretion was not urged, that there was no final order which gave it jurisdiction, and in that aspect of the case it did not err when it dismissed the petition in error."

It is obvious from a reading of this case, that if Chandler & Company had predicated error upon the ground that the trial court had, in granting the motion, abused its discretion, our Supreme Court would have held differently, that is to say, would have held that the Court of Appeals of Hamilton County did have jurisdiction to review the order complained of.

The members of this court are, of course, bound by the pronouncements of the Supreme Court, whether we personally agree with its decisions or not. We therefore hold that the motion to dismiss the petition in error is not well taken, and it necessarily follows that our answer to the first proposition is in the affirmative.

Coming to the second proposition. In order to dispose of this point we were required to examine the record. We find the testimony, on the issue of contributory negligence, conflicting, and, from all that we can learn from a reading of the bill of exceptions, well might different minds in weighing it, have reasonably reached different conclusions. Hence, under the rule enounced in **Dean v King, 22 Oh St, 118, 134,** we, as a reviewing court, if the trial court had overruled the motion for a new trial, would have hesitated a long time and maybe not even then have disturbed its ruling. But, the trial court did not overrule the motion for a new trial but instead, granted it. We, therefore, must conclude that the trial court, who saw the witnesses and observed their facial expressions while testifying, did not feel when passing on the motion for a new trial that the conflict in the testimony of the witnesses in fact existed as much as the bill of exceptions would cause us to believe. It is common knowledge to trial courts and active trial lawyers, that witnesses facial expressions often belie their words. Maybe, if we had seen the witnesses and observed their facial expressions while testifying, the apparent conflict in their testimony, as we gather it from the record, would largely disappear.

In **Volume 4, Corpus Juris, pages 830-832, §2813,** the author says:

"Appellate courts * * * are reluctant to interfere unless the discretion has been exercised capriciously, arbitrarily or improvidently."

Also,

"Even greater latitude is allowed the trial court in granting than refusing new trials. * * *."

What is abuse of discretion? In Bouvier's Law Dictionary we find it defined as "A discretion exercised to an end or purpose not justified by and clearly against reason and evidence." Sharon v Sharon, 16 Pacific 345; Murray v Buel, 41 Northwestern 1010; People v Railroad Company, 29 New York 418.

In the instant case the record does not disclose that the trial judge acted capriciously, arbitrarily or improvidently; it does not show that the trial judge was not warranted in making the order complained of; it does not show that he acted clearly against reason and the evidence. Maybe we would have done, had we been in his place what he did. However, we must not usurp his province, even if we do differ from him, as the passing upon the motion for a new trial was his business in the first instance, not ours; and, we have no right to interfere with his conclusions in the premises unless we find that he clearly abused his legal discretion. **Kroger, Admr. v Ryan, 83 Oh St 299.** This, under the facts as disclosed by the record, we do not find.

Holding these views, it follows that the order of the Court of Common Pleas, awarding a new trial to the defendant, should be affirmed. Order affirmed.

CROW and KLINGER, JJ, concur.